IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DONNA ANDERSON,

      Plaintiff,

v.                                              CIVIL ACTION NO. 2:24-cv-00041

T-MOBILE USA, INC.,

      Defendant.

**ORDER**

This discovery matter is before the Court on the *Motion to Compel the Deposition of Mark Nelson* filed by Plaintiff Donna Anderson ("Plaintiff"). (ECF No. 29). Therein, Plaintiff seeks an order "permitting the Plaintiff to take a single deposition beyond the discovery deadline in this case . . . and require Defendant to make Mark Nelson available[.]" *Id.* at 5. Defendant T-Mobile USA, Inc. ("Defendant") filed a response brief in opposition to the motion on November 14, 2024 (ECF No. 31). This matter came before the undersigned on November 18, 2024, for a hearing on the motion, following which the undersigned permitted the parties to submit supplemental materials in support of their respective positions on the pending motion. (ECF No. 33). Plaintiff filed her reply brief the following day on November 19, 2024 (ECF No. 34), and Defendant then submitted a Sur-Reply on November 21, 2024 (ECF No. 35). The undersigned having fully considered the parties' briefing and materials submitted therewith, along with the arguments of counsel at the November 18, 2024 hearing, the motion is now ripe for adjudication. For the reasons set forth more fully herein, Plaintiff's motion is **DENIED**.

I.     **BACKGROUND**

Plaintiff Donna Anderson ("Plaintiff" or "Ms. Anderson") filed this employment-discrimination lawsuit against Defendant, T-Mobile USA, Inc. ("Defendant" or "T-Mobile"), on January 25, 2024. (ECF No. 1). Plaintiff alleges therein that she began working for T-Mobile in 2016, and was employed as a paralegal until being constructively discharged on May 20, 2022. *Id.* ¶¶ 6, 31. According to the Complaint, Plaintiff was promoted twice during her time at T-Mobile; in January 2018, she became a Senior Paralegal, and subsequently on January 25, 2021, she began working as part of the T-Mobile for Business Legal team as a Senior Paralegal. *Id.* ¶¶ 7-8. Plaintiff alleges that two male employees were paid at a higher rate of pay than her, despite performing the same work. *See id.* at ¶¶ 10-18. According to the Complaint, Plaintiff raised the issue of this pay disparity with Defendant's management in July 2021. *Id.* ¶ 22. Plaintiff alleges that T-Mobile's management promised her that she would be placed under the same pay band as her male counterparts, "and begin receiving the higher rate of pay . . . by Thanksgiving 2021." *Id.* ¶¶ 25-26. However, Plaintiff alleges that—despite multiple subsequent assurances from management—ultimately T-Mobile failed to correct the pay disparity as promised. *Id.* ¶¶ 27-30. Furthermore, Plaintiff alleges that she was constructively discharged from her employment with T-Mobile on May 20, 2022. *Id.* ¶ 31. According to the Complaint, "plaintiff was constructively discharged, in whole or in part, because of her gender" and "for raising concerns to the defendant that she was not being paid properly because of her gender." *Id.* ¶¶ 32-33. Finally, Plaintiff alleges that, after she was constructively discharged by T-Mobile, the Defendant posted a job opening for the position previously held by the Plaintiff and listed the position under the same pay band as the two male employees who were paid at the higher rate of pay. *Id.* ¶¶ 34-36.

Based upon these allegations, Plaintiff asserts four causes of action in her Complaint. *See id.* First, Plaintiff asserts a claim under the Equal Pay Act, 29 U.S.C. § 206, *et seq.*, asserting that Defendant discriminated against Plaintiff on the basis of her sex by refusing to pay her equal wages for substantially equal work. *Id.* ¶¶ 37-40. Second, Plaintiff asserts a claim for liquidated damages pursuant to the West Virginia Wage Payment and Collection Act, W. Va. Code § 21-5-1, *et seq. Id.* ¶¶ 41-47. Third, Plaintiff asserts a claim for constructive discharge from her employment based upon Plaintiff's gender in violation of the West Virginia Human Rights Act ("WVHRA"), West Virginia Code § 5-11-9. *Id.* ¶¶ 48-52. Fourth and finally, Plaintiff asserts a claim for "reprisals or other discriminatory actions" under § 5-11-9(7)(C) of the WVHRA. *Id.* ¶¶ 53-56.

Defendant filed its Answer to the Complaint on March 14, 2024. (ECF No. 7). On May 15, 2024, this Court entered its operative Scheduling Order. (ECF No. 11). The Scheduling Order set September 24, 2024 as the parties' deadline to serve discovery requests, and set November 7, 2024 as the discovery completion date. *See id.* The parties' deadline to serve dispositive motions was set for November 27, 2024, and trial is set for March 18, 2025. *Id.*

On November 7, 2024—the same date that discovery was set to be completed pursuant to the Court's Scheduling Order—Plaintiff filed the subject *Motion to Compel the Deposition of Mark Nelson*, seeking leave to take this fact-witness deposition out of time. (ECF No. 29). In support, Plaintiff argues that leave should be granted to take the deposition out of time because Defendant's counsel stated in a written email exchange that "I am sure we would be open to an extension of the discovery period," and because Mr. Nelson was not identified until Plaintiff took the deposition of Defendant's Senior Vice President of Legal Affairs on November 4, 2024. *See id.* at 2-3. Plaintiff asserts that

3

Defendant improperly "failed to identify Mark Nelson as someone with knowledge of the facts subject to the Complaint in written discovery[.]" *Id.* at 4. In light of the broad scope of discovery, Plaintiff argues that the deposition should be permitted. *Id.* at 4-5.

In response to Plaintiff's motion, Defendant argues that Mr. Nelson has no special or unique knowledge relevant to Plaintiff's claims, and his deposition would not be proportional to the needs of the case. (ECF No. 31). According to the Defendant, Plaintiff was made aware months ago of Mr. Nelson's tangential involvement in Plaintiff's employment, and the deposition testimony of India Boulton provided no new information regarding his involvement. *See id.* Attaching a portion of the transcript from Ms. Boulton's deposition, Defendant argues that Ms. Boulton's testimony confirmed that she had the ultimate authority to approve any title change or pay raise for Plaintiff, and that Mr. Nelson "would not have been familiar with [Plaintiff] at all." *Id.* (citing ECF No. 31-1 at 5-8). According to Defendant, "Mr. Nelson's role was limited to approving overall budget adjustments in order to allow for promotions within the entire legal department, not making any specific decision with regard to Plaintiff." (ECF No. 31 at 4). Additionally, Defendant argues that Plaintiff's request is inconsistent with the apex-deposition doctrine, as Mr. Nelson is a high-ranking executive without special or unique information about the Plaintiff. *See id.* Finally, Defendant argues that, "[g]iven Plaintiff's unwillingness to move the trial date . . . Defendant would be prejudiced if it were required to continue discovery" while the parties prepare their dispositive motions. *Id.* at 5-6.

In her reply brief, Plaintiff argued that Mr. Nelson's deposition should go forward because Ms. Boulton "could not explain why the title adjustment and/or promotion did not occur." (ECF No. 34 at 2). Plaintiff further argued that "Defendant's intention in not granting the title adjustment and/or promotion is relevant to Plaintiff's claims under the

4

Equal Pay Act and West Virginia Human Rights Act." *Id.* at 7. Plaintiff concludes, therefore, that the deposition is appropriate and should be permitted because "the requested deposition is reasonably calculated to lead to the discovery of admissible evidence, that is, evidence that makes it more or less likely that Plaintiff was discriminated against because of her gender in violation of the Equal Pay Act and the West Virginia Human Rights Act." *Id.*

In its sur-reply brief, Defendant argues that "all of the testimony Plaintiff cites is consistent with the record exce[r]pt previously cited by Defendant, which confirm[s] that Ms. Boulton had the authority to approve Plaintiff's promotion and that Mr. Nelson's role was limited to making overall decisions on budget and headcount for the legal department. (ECF No. 35 at 1 (citing ECF Nos. 31 at 2-4; 31-1)). Additionally, Defendant attached the Declaration of Mr. Nelson. (ECF No. 35-1). Therein, Mr. Nelson confirms that he has no recollection of Plaintiff or the circumstances of her wage increase. (*See* ECF No. 35-1 at ¶¶ 4-6).

## II.  DISCUSSION

Simply put, Plaintiff's argument that "the requested deposition is reasonably calculated to lead to the discovery of admissible evidence" misses the mark, because it focuses on the question of general discoverability rather than proportionality under the circumstances in this case. First, Rule 26 of the Federal Rules of Civil Procedure was amended in 2015 to delete the phrase "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1), advisory committee notes to 2015 amendment to Rule 26. The new standard is one of proportionality: Rule 26(b), which sets forth the scope of discovery under the newly-drafted Rule, provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Determining whether discovery is "proportional to the needs of the case" pursuant to Rule 26(b)(1) requires consideration of six factors: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. Accordingly, the question at the center of the parties' dispute is one of proportionality. Moreover, it is well-established that "[s]imply because information is discoverable under Rule 26 . . . does not mean that discovery must be had." *Scott Hutchison Enters., Inc.*, 3:15-cv-13415, 2016 WL 5219633, at *2 (S.D. W. Va. Sept. 20, 2016) (citing *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004)). To insure that discovery is sufficient, yet reasonable, district courts have "substantial latitude to fashion protective orders." *Id*. (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Thus, while Plaintiff has certainly demonstrated that Mr. Nelson's testimony is relevant, this is insufficient to demonstrate that conducting a deposition out of time is proportional to the needs of the case—particularly in light of Defendant's evidence that Mr. Nelson has little-to-no personal knowledge of Plaintiff herself. For the same reason, Defendant's argument that Mr. Nelson's deposition is inappropriate in light of the apex-deposition doctrine appears meritorious; notably, Plaintiff's reply brief sidesteps this argument. Moreover, holding Mr. Nelson's deposition after the close of discovery—just as the parties are set to expend resources on their dispositive motions and prepare for trial—would be unduly prejudicial to the Defendant under the circumstances. This is particularly true when Defendant was willing to seek an extension of the case schedule, and it was Plaintiff who elected not to do so. Moreover, the parties would have to obtain

an extension of the discovery deadline from the presiding District Judge, "which undoubtedly affects the posture of the case and the scheduling order." *Jonathan R. v. Justice*, 3:19-cv-710, 2024 WL 3401735, at *4 (S.D. W. Va. July 12, 2024). Taken together, these circumstances lead the undersigned to conclude that the deposition of Mr. Nelson is not proportional to the needs of the specific circumstances and procedural posture of this case.

## III.   CONCLUSION

In light of the foregoing, **IT IS ORDERED** that Plaintiff's *Motion to Compel the Deposition of Mark Nelson* (ECF No. 29) is **DENIED**.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to counsel of record and to any unrepresented party.

ENTERED:   January 13, 2025

_____
Dwane L. Tinsley
United States Magistrate Judge

7